IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-cv-00594-M

| | |
|---|---|
| JIMMY LARAMORE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER |

This matter comes before the court on the United States' request for a Preliminary Pretrial Conference [DE 866] pursuant to Local Civil Rule 16.1(a). The Plaintiffs' Leadership Group ("PLG" or "Plaintiffs") do not join the United States request. *See id.* at ¶ 8. The court grants the United States' request [DE 866].

The United States requests the court to address "whether there should be trial time limits; whether trials will involve single- or multiple-plaintiffs; whether any deferred *Daubert* motions will be decided pre-trial; whether any matters could be resolved via stipulations; whether any modifications to or deviations from the Federal Rules of Civil Procedure or the Local Civil Rules would advance judicial efficiency; and similar matters." *Id.* at ¶ 3.

The court is considering a bifurcated trial plan consisting of two stages. At the first stage, the court would consider the issue of general causation ("Stage 1"). At the second stage, the court would

consider individualized issues of specific causation[1] and damages ("Stage 2"). Stage 1 would involve issues and evidence relating to whether exposure to the contaminated Camp Lejeune water can cause bladder cancer. After hearing the experts' testimony in full, the court will decide if the proffered expert testimony satisfies Fed. R. Evid. 702 and *Daubert*. If so, the court will decide—as fact-finder—whether the contaminated Camp Lejeune water can cause bladder cancer. If necessary, at the conclusion of Stage 1, the court will hold a status conference to assess the overall status of the litigation prior to initiating Stage 2. Stage 2 would involve issues and evidence relating to: (1) specific causation for individual plaintiffs; (2) the scope of each plaintiff's injuries; and (3) the extent to which individual plaintiffs are entitled to damages.

The preliminary pretrial conference is scheduled for January 21, 2027, at 11:00 a.m. in Courtroom 1, 2 Princess Street, Wilmington, North Carolina, 28401.

SO ORDERED this 23d day of October, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

[1] On the ATSDR water model, the court has explained "Defendant's challenges to the probability that contaminants reached certain plaintiffs are best raised at those plaintiffs' individual trials. And because Defendant does not offer a competing water model for the court to adopt, individual trials provide an appropriate opportunity for Defendant to refute specific causation by attacking the reliability of the ATSDR models." *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2026 WL 561123, at *9 (E.D.N.C. Feb. 27, 2026) (citation omitted).